JUDGE SWAIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

12 CIV 0460

JOHN WILEY & SONS, INC.,
CENGAGE LEARNING, INC. AND
THE MCGRAW-HILL COMPANIES, INC.,

                Plaintiffs,

      -against-

                             12 Civ.

MARCUS HUDSON D/B/A STEAL
DEAL BOOKS D/B/A STDL BOOKS
AND JOHN DOE NOS. 1-5,

                Defendants.

- - - - - - - - - - - - - - - - - - x

RECEIVED
JAN 19 2012
U.S.D.C. S.D.N.Y.
CASHIERS

## COMPLAINT

Plaintiffs John Wiley & Sons, Inc. ("Wiley"), Cengage Learning, Inc. ("Cengage") and The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by their undersigned attorneys, for their complaint against defendant Marcus Hudson d/b/a Steal Deal Books d/b/a STDL Books and John Doe Nos. 1 through 5, aver:

### Nature of the Action

1.    Plaintiffs are bringing this action to enforce their copyrights and trademarks against defendants' unlawful sale in the United States of non-United States versions of plaintiffs' educational books.

### Jurisdiction and Venue

2.    This Court has subject matter jurisdiction over the first two claims in this action pursuant to 28 U.S.C.

§§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. § 101 et seq., or the Lanham Act, 15 U.S.C. § 1051 et seq. This Court has subject matter jurisdiction over the third claim in this action pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

      3.    Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

Parties

      4.    Wiley is a corporation organized and existing under the laws of the State of New York with its principal place of business at 111 River Street, Hoboken, New Jersey 07030.

      5.    Cengage is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 200 First Stamford Place, 4th Floor, Stamford, Connecticut 06902.

      6.    McGraw-Hill is a corporation organized and existing under the laws of the State of New York with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020.

7.   Upon information and belief, defendant Marcus Hudson is a natural person currently residing at 7549 SW 194th Terrace, Beaverton, Oregon, 97007.

8.   Upon information and belief, defendants John Doe Nos. 1-5 are natural persons currently residing in the United States whose identities are presently unknown to plaintiffs.

### The Businesses of Plaintiffs

9.   Each plaintiff publishes a variety of works, including educational books.

10.   As a standard practice, each plaintiff requires its authors to assign the copyright to it or grant it the exclusive rights of reproduction and distribution in the United States.  This practice enables each plaintiff to maximize dissemination of each work.

11.   Plaintiffs invest significant monies to publish their copyrighted works.  Plaintiffs, for example, make substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, copyright enforcement and promotion.

12.   Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted works and would suffer serious financial injury if their copyrights were not enforced.  A substantial decline in their income could cause

plaintiffs to cease publishing one or more deserving books or journals. This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

13. Plaintiffs' educational books authorized for sale in the United States are of the highest quality (the "United States Editions"). These books are generally printed with strong, hard-cover bindings with glossy protective coatings and, in some cases, contain extra features such as sewn ribbon bookmarks. Plaintiffs frequently offer academic supplements, such as CD-ROMs, computer passwords that provide purchasers with access to academic websites corresponding to the textbooks, and study guides with the United States Editions.

14. Plaintiffs generally create different versions of their educational books that are intended for sale in specific geographic markets outside of the United States (the "Foreign Editions"). The Foreign Editions materially differ from the United States Editions. The Foreign Editions have thinner paper and different bindings, different cover and jacket designs, fewer internal ink colors, if any, lower quality photographs and graphics, and generally lower prices than the United States Editions. Also, the Foreign Editions often lack academic supplements, such as CD-ROMs, website passwords, or study guides. The Foreign Editions are generally marked to

4

indicate their lower cost by a legend indicating, in substance, that the title is a "Low Price Edition" and/or authorized for sale only in a particular country or geographic region. The Foreign Editions are uniformly manufactured outside of the United States.

<u>Plaintiffs' Copyrights and Trademarks</u>

15.  Plaintiffs routinely register their copyrights. Wiley has generally registered its copyrights in its works, including those identified on Schedule A (the "Wiley Copyrights"). Cengage has generally registered its copyrights in its works, including the works on Schedule B (the "Cengage Copyrights"). McGraw-Hill has generally registered its copyrights in its works, including the works on Schedule C (the "McGraw-Hill Copyrights")

16.  Plaintiffs also own, themselves or through their parent or affiliate companies, trademarks that they use to differentiate their products from those of their competitors.

17.  Among Wiley's well-known trademarks are "John Wiley & Sons," "Wiley," and the "John Wiley Colophon" (the "Wiley Trademarks"). The United States Registrations for the Wiley Trademarks are identified on Schedule D.

18.  Among McGraw-Hill's well-known trademarks are "McGraw-Hill," "The McGraw-Hill Companies" and "Irwin" (the

"McGraw-Hill Trademarks").  The United States Registrations for the McGraw-Hill Trademarks are identified on Schedule E.

### The Infringing Acts of Defendants

19.  Defendants have without permission purchased Foreign Editions of plaintiffs' books manufactured outside of the United States and resold them to purchasers in the United States, including purchasers in the Southern District of New York, through the Internet using e-mail addresses including, but not limited to, skomie86@gmail.com and stdlbooks@gmail.com, and usernames including, but not limited to, "Steal Deal Books" and "STDL Books," at websites including, but not limited to, alibris.com, gooddealbooks.com, openentry.com, facebook.com and stealdealbooks.com.

### FIRST CLAIM FOR RELIEF
(Copyright Infringement – 17 U.S.C. § 501)

20.  Plaintiffs repeat the averments contained in paragraphs 1 through 19 as if set forth in full.

21.  Wiley has received United States Certificates of Copyright Registration for the Wiley Copyrights.

22.  Cengage has received United States Certificates of Copyright Registration for the Cengage Copyrights.

23.  McGraw-Hill has received United States Certificates of Copyright Registration for the McGraw-Hill Copyrights.

24.   The Wiley, Cengage and McGraw-Hill Copyrights are valid and enforceable.

25.   Defendants have infringed the Wiley, Cengage and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501.

26.   Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries.   Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Wiley, Cengage and McGraw-Hill Copyrights.

27.   Defendants have willfully infringed the Wiley, Cengage and McGraw-Hill Copyrights.

28.   Plaintiffs are entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) plaintiffs' damages, or alternatively (3) statutory damages.

SECOND CLAIM FOR RELIEF
(Trademark Infringement - 15 U.S.C. § 1114(a))

29.   Plaintiffs repeat the averments contained in paragraphs 1 through 28 above as if set forth in full.

30.   Wiley owns the Wiley Trademarks, for which it has obtained United States Trademark Registrations.

31.   McGraw-Hill owns the McGraw-Hill Trademarks, for which it has obtained United States Trademark Registrations.

32.   The Wiley and McGraw-Hill Trademarks are valid and enforceable.

33.   Defendants have infringed the Wiley and McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a) by using them on and/or in connection with the works that they have sold.

34.   Defendants' acts complained of herein have irreparably damaged plaintiffs and may continue to do so.  The damage to plaintiffs includes harm to their good will and reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Wiley and McGraw-Hill Trademarks, or any colorable imitation of them.

35.   Defendants have willfully infringed the Wiley and McGraw-Hill Trademarks.

36.   Plaintiffs are entitled to recover (1) defendants' profits from the infringing books, (2) plaintiffs' damages, (3) the costs of the suit, and (4) reasonable attorneys' fees.

THIRD CLAIM FOR RELIEF
(Common Law Unfair Competition Under State Law)

37.  Plaintiffs repeat the averments contained in paragraphs 1 through 36 above as if set forth in full.

38.  Defendants' acts complained of herein have damaged and may continue to damage plaintiffs irreparably.  The damage to plaintiffs includes harm to their good will and reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs and injuries.  Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Wiley and McGraw-Hill Trademarks, or any colorable imitation of them, to restitution of defendants' ill-gotten gains, and to punitive damages in an amount to be determined by the trier of fact in this action.

WHEREFORE, plaintiffs demand judgment:

A.   Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Wiley, Cengage and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501;

B.   Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory

damages, as a result of defendants' willful infringement of the Wiley, Cengage and McGraw-Hill Copyrights;

      C.    Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Wiley and McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a);

      D.    Awarding plaintiffs their damages and/or defendants' profits from their willful infringement of the Wiley and McGraw-Hill Trademarks pursuant to 15 U.S.C. § 1117(a);

      E.    Directing that defendants engage in such additional activities, including, but not limited to, recalls of products and corrective advertising, as may be necessary and appropriate to mitigate the damage defendants have caused;

      F.    Awarding plaintiffs their costs in this action, including their reasonable attorneys' fees pursuant 17 U.S.C. § 505 and 15 U.S.C. § 1117;

      G.    Awarding plaintiffs punitive damages in an amount to be determined by the trier of fact in this action; and

      H.    Granting such other and further relief as to this

Court seems just and proper.

Dated:  New York, New York
        January 19, 2012          DUNNEGAN & SCILEPPI LLC

                                  By _____
                                     Laura Scileppi (LS0114)
                                     ls@dunnegan.com
                                     Samantha Morrissey (SM1210)
                                     sm@dunnegan.com
                                  Attorneys for Plaintiffs
                                     John Wiley & Sons, Inc.,
                                     Cengage Learning, Inc. and
                                     The McGraw-Hill Companies, Inc.
                                  350 Fifth Avenue
                                  New York, New York 10118
                                  (212) 332-8300

Schedule A
"Wiley Copyrights"

<u>Title</u> (<u>Author</u>) (<u>Edition</u>) (<u>Date of Registration</u>) (<u>Registration #</u>)

1.   Introduction to Electric Circuits (Richard Dorf) (8th Edition) (June 11, 2010) (TX0007229571)
2.   Construction Management (Daniel Halpin) (4th Edition) (August 19, 2011) (TX0007413452)
3.   Multinational Financial Management (Alan Shapiro) (8th Edition) (April 3, 2006) (TX0006361381)

Schedule B
"Cengage Copyrights"

 <u>Title</u> (<u>Author</u>) (<u>Edition</u>) (<u>Date of Registration</u>) (<u>Registration #</u>)

1.  Accounting Principles (Powers/Needles/Crosson) (10th
    Edition) (March 23, 2007) (TX0006542558)
2.  Investment Analysis and Portfolio Management (Reilly/Brown)
    (7th Edition) (December 8, 2004) (TX0006070339)
3.  Consumer Behavior (Hoyer) (4th Edition) (April 28, 2006)
    (TX0006339816)
4.  Effective Human Relations: Interpersonal and Organizational
    Applications (Reece) (11th Edition) (August 31, 2010)
    (TX0007246705)
5.  Fundamental Statistics for the Behavioral Sciences (Howell)
    (6th Edition) (April 27, 2007) (TX0006573381)
6.  Accounting Information Systems (Hall) (6th Edition) (March
    28, 2008) (TX0006843764)
7.  Abnormal Psychology: An Integrative Approach
    (Barlow/Durand) (4th Edition) (October 7, 2004)
    (TX0006051728)

Schedule C
"McGraw-Hill Copyrights"

<u>Title</u> (<u>Author</u>) (<u>Edition</u>) (<u>Date of Registration</u>) (<u>Registration #</u>)

1.  Complex Variables and Applications (Brown/Churchill) (7th Edition) (May 5, 2003) (TX0005715943)

2.  Transnational Management (Bartlett/Ghoshal/Beamish) (5th Edition) (June 24, 2009) (TX0006979617)

3.  International Financial Management (Eun) (4th Edition) (March 17, 2006) (TX0006335399)

4.  Global Marketing: Foreign Entry, Local Marketing, and Global Management (Johansson) (4th Edition) (May 5, 2005) (TX0006215364)

5.  International Marketing (Cateora/Graham) (13th Edition) (June 28, 2006) (TX0006403093)

6.  International Business: The Challenge of Global Competition(Ball/McCulloch/Geringer/Minor/McNett) (11th Edition) (April 18, 2007) (TX0006554245)

Schedule D
"Wiley Trademarks"

| | U.S. Trademark | Registration Number | Class |
|---|---|---|---|
| 1. | "JW" Colophon | 1,639,555 | 009, 016 |
| 2. | "Wiley" | 1,003,988 | 009, 016, 036, 038 |
| 3. | "Wiley" | 2,159,987 | 009, 042 |

Schedule E
"McGraw-Hill Trademarks"

| U.S. Trademark | Registration Number | Class |
| --- | --- | --- |
| 1. "McGraw-Hill" | 1,350,345 | 16 |
| 2. "McGraw-Hill" | 2,899,528 | 16, 41 |
| 3. "The McGraw-Hill Companies" | 3,103,212 | 9,16,35,36,37, 38,39,40,41,42 |
| 4. "Irwin" | 1,718,118 | 16 |